UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NICHOLAS CEJA, | ) | |
|           Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-00229-JMS-DKL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|           Respondent. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Nicholas Ceja ("Mr. Ceja") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

*Background*

On December 28, 2011, Mr. Ceja was charged in three counts of a multi-defendant Indictment that was filed in the Southern District of Indiana in 2:11-cr-0037-JMS-CMM-2. Mr. Ceja was charged in Count 1 with conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. Count 4 charged Mr. Ceja with possession with intent to distribute and distribute 50 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. Count 5 charged Mr. Ceja with possession of firearm(s) in furtherance of the drug trafficking crime specified in Count 4, in violation of 18

U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. On August 1, 2012, a jury found Mr. Ceja guilty of Counts 1, 4, and 5 of the Indictment.

On December 17, 2012, the Court held a sentencing hearing. The Court sentenced Mr. Ceja to a total prison term of 180 months. He was sentenced to concurrent prison terms of 120 months imprisonment on Count 1 and 60 months imprisonment on Count 4, and a consecutive 60 months imprisonment on Count 5, to be followed by five years of supervised release. Mr. Ceja was also assessed the mandatory assessment of $300. Judgment of conviction was entered on December 19, 2012.

Mr. Ceja filed a notice of appeal on December 26, 2012. On August 1, 2014, the Seventh Circuit affirmed his conviction. *United States v. Cejas*, 761 F.3d 717 (7th Cir. 2014). The Seventh Circuit held that 1) the government established a proper foundation to authenticate the video; 2) the fact that the video had a tendency to intermittently skip did not require its exclusion; 3) the probative value of the video showing defendants outside witness' residence substantially outweighed the danger of unfair prejudice or confusing the jury; 4) evidence was sufficient to support defendant's conviction of conspiracy to possess and distribute drugs; 5) evidence was sufficient to support defendant's conviction of possession of a firearm in furtherance of a drug crime; and 6) evidence was sufficient to support defendant's conviction of aiding and abetting possession with intent to distribute and distribution of methamphetamine. *Id.*

On October 20, 2014, the Seventh Circuit denied Mr. Ceja's motion for rehearing and suggestion for rehearing en banc. On January 1, 2015, Mr. Ceja filed a motion to reduce sentence pursuant to amendment 782. That motion was denied because Mr. Ceja was sentenced to the statutory mandatory minimum term of imprisonment.

This motion for post-conviction relief pursuant to 28 U.S.C. § 2255 was filed on July 28, 2015. The United States has responded and Mr. Ceja has replied.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Relief under § 2255 "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

Mr. Ceja brings direct claims of error in relation to his sentence: 1) the guideline factors for Accomplice Attribution significantly overstated his role in the offense; and 2) the Court failed to adequately consider 18 U.S.C. § 3553(a) sentencing factors. He also brings claims of ineffective assistance of counsel. He claims that his counsel: 1) failed to argue that his sentence was more harsh than other defendants; 2) failed to present the § 3553(a) factors during sentencing; and 3) failed to argue for a 2 point enhancement under U.S.S.G. § 2D1.1(b) instead of a consecutive 60 month sentence pursuant to Count 5.

The United States argues that all of Mr. Ceja's § 2255 claims lack merit.

*Sentencing Errors*

Mr. Ceja did not raise any sentencing errors on direct appeal. "A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal." *McCoy v. United States,* 815 F.3d 292, 295 (7th Cir. 2016). Section 2255 is not a substitute for direct appeal. *United States v. Bania,* 787 F.3d 1168, 1172 (7th Cir. 2015). Such claims are procedurally defaulted. "A federal prisoner cannot bring defaulted claims on collateral attack

unless he shows both cause and prejudice for the default." *Id.* Mr. Ceja has made no such showing.

Moreover, Mr. Ceja's direct sentencing claims fail because error in calculating a nonbinding Guidelines range is not of constitutional magnitude for purposes of a § 2255 motion. *United States v. Coleman,* 763 F.3d 706, 708-09 (7th Cir. 2014) (claim that district court misapplied or miscalculated Sentencing Guidelines was not cognizable in § 2255 motion); *Hawkins v. United States,* 706 F.3d 820, 824 (7th Cir. 2013) (error in calculating sentencing range under Sentencing Guidelines did not justify post-conviction relief – "An erroneous computation of an advisory guidelines sentence is reversible (unless harmless) on direct appeal; it doesn't follow that it's reversible years later in a postconviction proceeding."). "Sentences that fall within a properly calculated Guidelines range are presumptively reasonable." *United States v.Grzegorczk,* 800 F.3d 402, 405 (7th Cir. 2015). Mr. Ceja's sentence was within a properly calculated Sentencing Guideline range and was therefore reasonable.

*Ineffective Assistance of Counsel Claims*

There is no procedural default for failing to raise an ineffective assistance claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003). As noted, Mr. Ceja's claims of ineffective assistance are that counsel: 1) failed to argue that his sentence was more harsh than other defendants; 2) failed to present the § 3553(a) factors during sentencing; and 3) failed to argue for a 2 point enhancement under U.S.S.G. § 2D1.1(b) instead of a consecutive 60 month sentence pursuant to Count 5.

The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687

(1984)). For Mr. Ceja to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, our review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (internal quotation omitted).

To establish prejudice, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Id.* (internal quotation omitted). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Id.*

Contrary to Mr. Ceja's suggestion otherwise, counsel did, in fact, argue that Mr. Ceja's role in the conspiracy was minor and therefore his sentence should be reduced accordingly. 2:11-cr-0037-JMS-CMM, dkt. 136, pp. 3, 6-9. Moreover, Mr. Ceja has not identified what § 3553(a) sentencing factors should have been considered or how they would have affected his sentence. Counsel discussed the § 3553(a) factors at the sentencing hearing, pointing out Mr. Ceja's relatively limited criminal history, strong family ties, and customer letters of support. *Id.* at pp. 10-13. In addition, at sentencing, counsel argued that the quantity of 500 grams of meth was not foreseeable to Mr. Ceja, but properly conceded that because the jury convicted Mr. Ceja of being part of the conspiracy involving an amount greater than 500 grams, the ten year minimum sentence was applicable. *Id.* at pp. 3-6.

Starting at a base offense level of 32, counsel argued for a 2 point reduction at 2D1.1 and a 4 point deduction at 3B1.2 for a minimal role, for a base offense level of 26. *Id.* at p. 7. The

Court agreed to start with the two level reduction at 30, but granted only a two level adjustment for a minor role in the offense, which resulted in a 28 base offense level. *Id.* at pp. 7-9. The jury convicted Mr. Ceja of Count 5 and therefore the Court had to sentence him on that count.

The Court imposed the statutory mandatory minimum sentence of ten years for Count 1, the minimum sentence of five years for Count 4, to be served concurrently, and the mandatory consecutive five years for Count 5. Counsel did not err in any respect at sentencing. Moreover, Mr. Ceja can show no prejudice. Put simply, Mr. Ceja could have done no better no matter what counsel argued.

*Denial of Hearing*

An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here. Mr. Ceja's request for a hearing is denied because a hearing not warranted under these circumstances.

*Conclusion*

The foregoing shows that Mr. Ceja is not entitled to relief pursuant to 28 U.S.C. § 2255. His motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Ceja has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its

procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

    **This Entry shall also be entered on the docket in the underlying criminal action, No. 2:11-cr-0037-JMS-CMM-2.**

    **IT IS SO ORDERED.**


Date: <u>May 24, 2016</u>

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Nicholas Ceja, 10060-028, FCI Oakdale, Inmate Mail/Parcels, P. O. Box 5000, Oakdale, LA 71463

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.